**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MARK HYMAN,** ***individually and on behalf of all others similarly situated*****,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**IRIS RESTAURANT GROUP, LLC, and J. KELLY ENGLISH,** ***individually,***<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 2:26-cv-02040-BCL-cgc** |

**JOINT MOTION TO AMEND THE SCHEDULING ORDER**

Plaintiff Mark Hyman and Defendants Iris Restaurant Group, LLC and J. Kelly English (collectively, the "Parties"), by and through their respective counsel, jointly move the Court pursuant to Federal Rules of Civil Procedure 6(b), 16(b)(4), and 29(b) to amend the Scheduling Order entered April 30, 2026 (ECF No. 20), to extend the Phase I discovery deadline and the related alternative dispute resolution and conditional-certification briefing deadlines by approximately thirty (30) days. In support of this Motion, the Parties state as follows:

1. The Court entered its Scheduling Order on April 30, 2026 (ECF No. 20), establishing, among other deadlines, a Phase I discovery deadline of August 12, 2026, limited to issues relevant to conditional certification; an ADR deadline of August 20, 2026; and a briefing schedule for Plaintiff's motion for conditional certification, with the motion due September 2, 2026, Defendants' response due September 23, 2026, and Plaintiff's reply due October 7, 2026.

2. On July 20, 2026, Plaintiff served written Phase I discovery on Defendants, consisting of interrogatories, requests for production of documents, and requests for admission directed to the conditional-certification issues identified in the Scheduling Order, including the identity and contact information of putative collective members, Defendants' tip-pooling policies and

practices, and time, pay, and tip-distribution data. On July 29, 2026, Defendants served written discovery on Plaintiff.

3. Under Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), and 36(a)(3), responses to the Parties' respective written discovery would be due thirty days after service—on or about August 19, 2026 for Plaintiff's requests and on or about August 28, 2026 for Defendants' requests—in each case after the current Phase I discovery deadline of August 12, 2026.

4. The Parties have met and conferred and agree that a brief extension of the Phase I deadline is preferable to compressing Defendants' response period. The requested extension will afford both Parties the full response periods provided by the Federal Rules; permit the orderly collection and production of electronically stored payroll, point-of-sale, and tip-distribution data in native format, consistent with Local Rule 26.1(e); preserve a reasonable period for the Parties to confer regarding, and if necessary present to the Court, any disputes concerning the responses before conditional-certification briefing; and ensure that Plaintiff's motion for conditional certification is briefed on a complete Phase I record.

5. The Parties have scheduled mediation before their agreed mediator, Jonathan T. Martin of Harris Shelton, for August 18, 2026, and intend to proceed on that date.

6. Because both Parties' responses will become due after the current Phase I deadline, the Parties' agreement regarding the response dates requires the Court's approval under Federal Rule of Civil Procedure 29(b), and the modification of the Scheduling Order requires a showing of good cause under Rule 16(b)(4). The circumstances set forth above constitute good cause: the request is made before the expiration of the deadlines sought to be extended; it is the Parties' first request for an extension of any deadline in this action; it is jointly made; and it is not made for purposes of delay.

7. No trial date has been set, and the Scheduling Order provides that all Phase II, expert, dispositive-motion, and pretrial deadlines will be established by amended scheduling order following the Court's ruling on conditional certification. The requested extension therefore does not affect any other deadline and will not prejudice any party or delay the ultimate resolution of this action.

8. The Parties propose the following amended deadlines, with each remaining provision of the Scheduling Order—including the limitations on the scope of Phase I discovery and the provisions governing motions to compel—to remain in full force and effect and to apply to the amended deadlines:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Completion of Phase I (conditional certification) discovery | August 12, 2026 | September 11, 2026 |
| ADR deadline (ADR Plan Rule 4.3(a)) | August 20, 2026 | October 1, 2026 |
| Motion for conditional certification | September 2, 2026 | October 2, 2026 |
| Response to motion for conditional certification | September 23, 2026 | October 23, 2026 |
| Reply in support of motion for conditional certification | October 7, 2026 | November 6, 2026 |

WHEREFORE, the Parties respectfully request that the Court grant this Joint Motion and enter the proposed order submitted herewith, amending the Scheduling Order as set forth above. A proposed order is attached.

Respectfully submitted,

s/ Philip E. Oliphant
Philip E. Oliphant, Bar No. 025990 (TN)
THE ROLWES LAW FIRM, LLC
254 Court Avenue, Suite 305
Memphis, Tennessee 38103
901.519.9135 (voice)
901.979.2499 (fax)
poliphant@rolweslaw.com

*Attorney for Plaintiff*

s/ Anthony M. Noel (with permission)
Anthony M. Noel
LEITNER, WILLIAMS, DOOLEY &
NAPOLITAN, PLLC
750 Old Hickory Blvd

Building One, Suite 200
Brentwood, Tennessee 37027
615.324.2746

*Attorneys for Defendants*